IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE E. VOID, #0588-2007            *
           Petitioner
           v.            *    CIVIL ACTION NO. DKC-13-124

UNITED STATES PAROLE COMMISSION, *
 *et al*.
           Respondents.        *
                                                       *****

## **MEMORANDUM OPINION**

**Procedural History**

On June 14, 2012, the United States District Court for the District of Columbia received for filing a 28 U.S.C. § 2241 Petition from Bruce E. Void ("Void"), who is confined at the Federal Correctional Institution ("FCI") in Cumberland, Maryland. Void contends that in 1991 he was convicted and sentenced in the District of Columbia Superior Court on conspiracy and first-degree murder convictions and that the U.S. Parole Commission ("Commission") denied him parole in December of 2012. He asserts that in applying the D.C. Board of Parole's 1987 Initial Hearing Guidelines, the Commission miscalculated his total point score and did not apply the regulations properly in that it considered a criminal charge for which he was acquitted. (ECF No. 1). Void seeks reconsideration of the Commission's denial of parole and/or the granting of his request for parole release. After briefing by the parties, on December 20, 2012, the case was ordered transferred to this court by United States District Judge Rosemary M. Collyer. (ECF Nos. 6-7 & 10-11).

**Pending Papers**

Currently pending before the court are Respondents' Motion to Dismiss or for Summary Judgment, construed as a motion for summary judgment, Void's Response, Respondents' Reply, and Void's Surreply. (ECF Nos. 18, 20, 24, & 25). For reasons to follow, Respondents' Motion shall be granted and the Petition shall be denied and dismissed.

**Arguments**

Respondents maintain that on September 6, 1991, Void was sentenced to a life term of imprisonment for conspiracy and first-degree murder while armed in the Superior Court of the District of Columbia. (ECF No. 18 at Exs. 1 & 2). After serving twenty-three years (his minimum term), he became eligible to be considered for parole on September 28, 2012. (*Id*. at Ex. 2).

The Commission conducted an initial parole hearing for Void on December 12, 2011, prior to his eligibility date. (ECF No. 18 at Exs. 3 & 4). The hearing examiner applied the 1987 District of Columbia Board of Parole guidelines. Void received +1 degree of risk points, derived from his salient factor score and he received a +1 type of risk points, derived from the fact that his offense had involved violence and the use of weapons. Respondents state that Hearing Examiner JoAnn L. Kelley awarded -1 point for program achievement.[1] For reasons unclear from the record, she added these points and arrived at a score of +2, which is a score that indicates that parole should be granted in the ordinary case. (*Id*. at Ex. 4, p. 4). The examiner, however, recommended that the Commission deny parole and order a rehearing in September of 2015, 36 months beyond Void's parole eligibility date. (*Id*.). The Commission informed Void of this decision by a notice of action dated January 27, 2012, and gave the following reasons for its decision:

> You have a total point score of 2 under the 1987 Board guidelines for D.C. Code offenders. The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are a more serious parole risk than shown by your point score because of your repetitive violent criminal history suggests that you pose a serious threat to public safety. Specifically, your current conviction entailed you shooting a man in the head, who you believed posed a threat to your well being based upon his belief that you had stolen a large sum of money (drug proceeds) from him. In addition, you were

---

[1] The documentation, however, shows that -0 was awarded for program achievement. (ECF No. 18 at Ex. 3).

>previously convicted of Accessory to Murder After the Fact, which involved the robbery and murder of a convenience store employee.

(ECF No. 18 at Ex. 5).

Void's counsel submitted a request for reopening the case on the ground that the Commission had miscalculated his point score as 2 points, when it should have been 1 point, and on the ground that the Commission had given "undue weight" to the fact that Void's crime had involved him shooting a man point blank in the head, a factor that had already been accounted for by the "addition of a point for violence and the use of a dangerous weapon." (*Id.*, at Ex. 6, p. 2). The Commission declined to reopen Void's case, finding that the submitted information was insignificant to warrant reopening because Void had not been prejudiced by the miscalculation. While acknowledging the miscalculation of the total point score as 2 rather than 1, the Commission reasoned that whether the point score was 1 or 2, either score would indicate that parole could be granted. (*Id.* at Ex. 7). The Commission opined that the outcome would not have been different in light of its finding that Void was not a suitable candidate for parole release and that a departure from the guidelines was necessary. (*Id.*) On July 26, 2012, the Commission issued a new notice of action to correct Void's total point score to 1 point under the 1987 Board guidelines for D.C. Code offenders. (*Id.* at Ex. 8).

In response, Void seemingly challenges his underlying District of Columbia convictions based upon the legality of the indictment process and the D.C. Superior Court's jurisdiction to try him on counts of conspiracy and murder. (ECF No. 20, pgs. 1-4, 7, Affidavit, and Attachments). He additionally states that Respondents' claim that the Commission corrected its point score error is a "falsehood." (*Id.* at p.4). Finally, he appears to attack Respondents' Motion, claiming that they "failed to show or certify to the court or judge the true cause of petitioner's detention, by not having

certified copies of the indictment, no certified copies of the minute entries, sentence, and commitment, and docket entries in the cause." (ECF No. 20 at p.6).

Respondents argue that Void may not attack his underlying 1991 conviction in a § 2241 Petition. (ECF No. 23). They further claim that Void has failed to assert any cogent claims disputing the proven fact that the Commission had corrected its error in calculating his point score and that the Commission's discretion to go outside the guidelines to deny parole is not reviewable by the courts.[2] (*Id.*).

**Analysis**

Void's original claim in his § 2241 Petition represented a clear challenge to the Commission's decision to deny him parole and to rehear him in 2015. He may not now at the eleventh hour attack his underlying 1991 convictions.[3]

The National Capital Revitalization and Self-Government Improvement Act ("Act") transferred parole release and revocation functions over District of Columbia ("D.C.") felony offenders from the former D.C. Board of Parole to the Commission. *See Franklin v. District of Columbia*, 163 F.3d. 625, 632 (D.C. Cir. 1998); *see also Simmons v. Shearin*, 295 F.Supp.2d 599, 602 (D. Md. 2003).

---

[2] In his Surreply, Void claims that Respondents have no authority to file an additional response to his Response. (ECF No. 25).

[3] A prisoner under a sentence imposed by D.C. Superior Court may collaterally challenge the constitutionality of his conviction by moving in that court to vacate his sentence. *See Garris v. Lindsay,* 794 F.2d 722, 725 (D.C. Cir. 1986). Challenges to a D.C. Superior Court judgment of conviction must be pursued under D.C. Code § 23–110. *Blair–Bey v. Quick,* 151 F.3d 1036, 1042–43 (D.C. Cir. 1998). Section 23–110 provides that a prisoner convicted and sentenced in Superior Court may move to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23–110(a).

Insofar as Void challenges the calculation of his point score, his claim is moot. The documentation clearly shows that the Commission corrected its error with regard to his point score and informed him of same on July 26, 2012. When an agency corrects its own errors, judicial controversies may be mooted. Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The "case-or-controversy" requirement subsists through all stages of federal judicial proceedings, both trial and appellate. *Id*. Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks and citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (alterations in original).

Further, to the extent that Petitioner takes issue with the Commission's reasons for denying parole notwithstanding his favorable point score, his claim is without merit. He was considered for parole release under the D.C. Parole statute, D.C. Code § 24-404. Under D.C. Code § 24-404(a):

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe.

The parole decision is quintessentially discretionary. *See Price v. Barry,* 53 F.3d 369, 370 (D.C. Cir. 1995). Thus, Void cannot show either a clear right to the relief sought, nor a clear duty by the Commission to grant such relief. The Commission has the discretion, under applicable regulations to deny parole to a prisoner with a low point score if it "believes there is some other reason for not granting him parole." *See* 28 District of Columbia Municipal Regulations ("DCMR")

§ 204.22. As Respondents point out, the Commission acted properly pursuant to 28 C.F.R. § 2.80 when it considered the violence of the offense and the injury to the victim in departing from the guidelines. Although the violence of the offense and the fact that death of the victim would have been a probable result are both considerations in determining the base point score, *see* 28 C.F.R. § 2.80(f), the Commission was authorized under § 2.80(n) to consider in the departure calculus the peculiarities of the violence and the specific injuries to the victim.

**Conclusion**

For the aforementioned reasons Respondents' Motion shall be granted and the Petition for writ of habeas corpus shall be denied and dismissed. A separate order follows.

Date: July 19, 2013              _____/s/_____
                                 DEBORAH K. CHASANOW
                                 United States District Judge